IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| KANSTET OÜ.<br>Käberi 34b-11<br>13919 Tallinn, Estonia<br><br>   Plaintiff<br><br>v.<br><br>BEYNON SPORTS SURFACES, INC.<br>16 Alt Road<br>Hunt Valley, Maryland 21030<br><br>   **Serve On**:  The Corporation Trust, Inc.,<br>                    Resident Agent<br>                    2405 York Road, Suite 201<br>                    Lutherville, Maryland 21093 | Civil Action No. 1:19-cv-1345 |

## **COMPLAINT**

The Plaintiff, Kanstet, OÜ, by and through its undersigned counsel, and pursuant to Fed. R. Civ. Proc. 3, sues the Defendant, Beynon Sports Surfaces, Inc., and says:

### **Summary of the Case**

Plaintiff manufactures custom synthetic athletic surfaces, typically used in facilities that host track and field events. Defendant ordered a custom track from Plaintiff pursuant to a written agreement, and provided Plaintiff with technical specifications for its shape, size, and other physical characteristics. Plaintiff manufactured the track, to Plaintiff's specifications.

Defendant subsequently refused delivery of the track, and further refused payment. Since refusal, Plaintiff has attempted to re-sell the track, but has been unable, given the custom nature of the materials. Plaintiff has incurred additional cost to store the track. By this suit, Plaintiff seeks

actual damages for Defendant's refusal to pay, plus consequential damages associated with the costs of storing the materials, plus attorney's fees and the costs associated with prosecuting this action.

## Parties and Jurisdiction

1. Plaintiff is an Estonian corporate entity, with no physical presence within the United States. The Plaintiff accepts orders from American customers, ships its products internationally and installs them.

2. Defendant is a corporation formed and existing under the laws of the State of Maryland. Defendant's principal office is located in Hunt Valley, Maryland, which is in Baltimore County.

3. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332(a)(1).

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(1).

## Facts Common to All Counts

5. Defendant submitted bid documents to Plaintiff for the purchase of a custom athletic surface. Plaintiff requested additional technical details from Defendant.

6. On August 3, 2016, in response to Plaintiff's request, Defendant submitted Purchase Order 7151 (the "First Contract") for the manufacture and delivery of a custom athletic surface system (hereinafter "Track 1") to be subsequently installed by Defendant at Texas Tech University in Lubbock, Texas. A copy of the Contract is attached as Exhibit A.

7. The First Contract contained technical specifications – which had been drafted by Defendant – which included reference to IAAF[1] standards.

---

[1] The International Association of Athletics Federations is an international governing body of sports and athletics which promulgates rules and standards.

8. In exchange for Track 1, Defendant promised to pay Plaintiff eight hundred three thousand dollars and zero cents ($803,000.00).

9. On August 10, 2016, Plaintiff began manufacture of Track 1.[2]

10. Six months later, in February, 2017, Defendant discovered that it had made a unilateral mistake, and had recited the wrong technical specifications in the Contract. By way of example, Defendant discovered that it had incorrectly listed the turn radius, degree of banking, and width of lanes.

11. By the time Defendant had discovered its unilateral mistake, Track1 had been completed and was scheduled to ship between May and June, 2017.

12. Plaintiff and Defendant entered into a second agreement (the "Second Contract"), without a formal purchase order, which called for Plaintiff to manufacture a second custom athletic surface ("Track 2") for use and delivery to Texas Tech University.

13. The Plaintiff attempted to re-sell Track 1 to third-parties, but was unable, given the custom nature of the materials.

14. Defendant refused to accept delivery of Track 1, and Plaintiff has paid to store Track 1 at its own cost and expense.

15. Defendant made partial payment for both Track 1 and Track 2.

16. Defendant owes $330,000 for Track 1 and $709,829.63 for Track 2.

## Count One – Breach of Contract

17. Plaintiff incorporates all prior paragraphs by reference, as if recited fully herein.

18. The parties entered into two separate contracts.

---

[2] Plaintiff had no reason to question the specifications provided by the Defendant. Defendant had purchased a track of identical specifications one year earlier.

19. The First Contract called for Plaintiff to create and deliver a Track 1. Plaintiff completed manufacture of Track 1 on or before February, 2017. However, Defendant has refused delivery.

20. Defendant has made partial payment on the First Contract, but an outstanding balance remains.

21. Plaintiff continues to store Track 1, at its own cost and expense.

22. Defendant's refusal to make full payment, and refusal to accept delivery of Track 1 constitutes a material breach of the First Contract.

23. As a direct and proximate result of the Defendant's material breach, the Plaintiff has incurred actual damages of $1,039,829.63, plus the costs of storage, attorney's fees and the costs associated with the prosecution of this action.

24. Attorney's fees and costs are permitted pursuant to the First Contract.

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor and against the Defendant in an amount no less than one million, thirty-nine thousand, eight hundred twenty-nine dollars and sixty-three cents ($1,039,829.63), plus prejudgment interest, the costs of storage, attorney's fees and the costs associated with the prosecution of this action.

### Count Two – Unjust Enrichment[3]

25. Plaintiff incorporates all prior paragraphs by reference, as if recited fully herein.

26. Plaintiff conferred a benefit upon the Defendant. Specifically Plaintiff manufactured Track 1 to completion, at the request and according to the specifications provided by Defendant. Further, Plaintiff manufactured and delivered Track 2 to the Defendant.

---

[3] Plaintiff pleads Counts Two, Three, Four, and Five in the alternative, pursuant to Fed. R. Civ. Proc. 8(d), in the event either/both the First Contract and/or the Second Contract are determined by this Court to be unenforceable as express contracts.

27. Defendant knew and appreciated the benefit conferred upon it by the Plaintiff. This knowledge and appreciation is evidenced by extensive email correspondence between the parties, and partial payments made by the Defendant to the Plaintiff for both Track 1 and Track 2.

28. It would constitute a miscarriage of justice to permit Defendant to retain the benefit conferred upon it by Plaintiff without compelling Defendant to pay for the benefit.

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor and against the Defendant in an amount no less than one million, thirty-nine thousand, eight hundred twenty-nine dollars and sixty-three cents ($1,039,829.63), plus prejudgment interest, the costs of storage, attorney's fees and the costs associated with the prosecution of this action.

### Count Three – Detrimental Reliance

29. Plaintiff incorporates all prior paragraphs by reference, as if recited fully herein.

30. Defendant made clear and definite promises to the Plaintiff. Specifically, Defendant promised Plaintiff that in exchange for the manufacture and deliver of Track 1 and Track 2 to the specifications provided by the Defendant, Defendant would pay Plaintiff in full.

31. Plaintiff reasonably and justifiably relied upon the clear and definite promises of the Defendant. Specifically, Plaintiff did in fact manufacture to completion Track 1 and Track 2. Plaintiff attempted delivery of Track 1, but Defendant refused delivery. Plaintiff delivered Track 2 to Defendant.

32. As a direct and proximate result of Plaintiff's reasonable and justifiable reliance upon the Defendant's clear and definite promises, Plaintiff suffered damages of $1,039,829.63, plus the costs of storage, attorney's fees and the costs associated with the prosecution of this action.

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor and against the Defendant in an amount no less than one million, thirty-nine thousand, eight hundred twenty-nine dollars and sixty-three cents ($1,039,829.63), plus prejudgment interest, the costs of storage, attorney's fees and the costs associated with the prosecution of this action.

### Count Four – Quantum Meruit

33. Plaintiff incorporates all prior paragraphs by reference, as if recited fully herein.

34. Plaintiff tendered sufficient and competent labor on behalf of, or for the use and benefit of the Defendant.  Specifically, Plaintiff manufactured and (attempted) delivery of Track 1 and manufactured and delivered Track 2.

35. The services were accepted, used, and enjoyed by the Defendants.

36. The services were rendered under such circumstances that reasonably notified Defendant that Plaintiff expected to be paid by Defendant.  This is evidenced by extensive email communication by and between the parties, and Defendant's partial payment to Plaintiff for Track 1 and Track 2.

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor and against the Defendant in an amount no less than one million, thirty-nine thousand, eight hundred twenty-nine dollars and sixty-three cents ($1,039,829.63), plus prejudgment interest, the costs of storage, attorney's fees and the costs associated with the prosecution of this action.

### Count Five – Quantum Valebant

37. Plaintiff incorporates all prior paragraphs by reference, as if recited fully herein.

38. Plaintiff tendered valuable goods on behalf of, or for the use and benefit of the Defendant. Specifically, Plaintiff manufactured and (attempted) delivery of Track 1 and manufactured and delivered Track 2.

39. The goods were accepted, used, and enjoyed by the Defendants.

40. The goods were rendered under such circumstances that reasonably notified Defendant that Plaintiff expected to be paid by Defendant. This is evidenced by extensive email communication by and between the parties, and Defendant's partial payment to Plaintiff for Track 1 and Track 2.

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor and against the Defendant in an amount no less than one million, thirty-nine thousand, eight hundred twenty-nine dollars and sixty-three cents ($1,039,829.63), plus prejudgment interest, the costs of storage, attorney's fees and the costs associated with the prosecution of this action.

/s/
Thomas C. Valkenet (03968)
Ian T. Valkenet (30112)
Young & Valkenet
600 Wyndhurst Avenue, Suite 230
Baltimore, Maryland 21210
(410) 323-0900
TCV@youngandvalkenet.com
ITV@youngandvalkenet.com

Attorneys for the Plaintiff